UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHRINE R LEE,<br><br>            Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br><br>            Defendant. | Case No.  21-cv-04045-VKD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

On May 27, 2021, plaintiff Cathrine Lee filed this action in federal court. Dkt. No. 1. Ms. Lee alleges that she requested a copy of her disability file and medical records from the Social Security Administration but received no response. Dkt. No. 1 at 1. The Commissioner moves to dismiss Ms. Lee's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 11.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 16. The Court finds this matter suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons explained below, the Court considers the Commissioner's motion to dismiss as a motion for summary judgment and enters judgment in defendant's favor.

**I.    LEGAL STANDARD**

Federal courts may adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-

matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

However, when "ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment." *Trentacosta v. Frontier Pac. Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Under this standard, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## II. DISCUSSION

The Court liberally construes Ms. Lee's claim that the Social Security Administration

failed to send her medical records and disability file to her address as one for mandamus relief pursuant to 28 U.S.C. § 1361. *See* 28 U.S.C. § 1361 ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").

The Commissioner mounts a factual challenge to this Court's jurisdiction, contending that because the agency has already released the requested records to Ms. Lee, her claim is moot. Dkt. No. 11 at 2–4. The Commissioner's challenge is supported by the declaration of an assistant district manager employed by the agency, who attests that the agency sent the requested records to Ms. Lee's address to 1975 Grandview St., Seaside, CA 93955. Dkt. No. 11 at 6–7. Indeed, Ms. Lee appended to her complaint a copy of the request she faxed to the agency, on which she wrote that her address is 1975 Grandview St., Seaside, California 93955. Dkt. No. 1 at 5. At the Court's direction, the Commissioner served a copy of his motion on Ms. Lee at her Seaside address and at another address she provided in Sparks, Nevada. Dkt. Nos. 13, 14.

Because the question of whether Ms. Lee has received her requested records is determinative of both subject matter jurisdiction and the substantive claim for relief, the Court considers the Commissioner's motion to dismiss for mootness as a motion for summary judgment. *See, e.g.*, *Garcia v. Dardum*, No. 21-cv-05081-SI, 2021 WL 4975049, at *2 (N.D. Cal. Oct. 26, 2021). Applying the summary judgment standard, defendant must show that there is no genuine dispute of material fact regarding whether Ms. Lee received her requested records. *See Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993). Ms. Lee has not responded to the Commissioner's motion to dismiss, which is therefore unopposed.

Because the Commissioner's assertions of fact are undisputed, the Court concludes that Ms. Lee has not satisfied her burden of establishing that this Court possesses jurisdiction over this action. *See Trentacosta*, 813 F.2d at 1558–59 (applying summary judgment standard to defendant's Rule 12(b)(1) motion where facts relevant to determining subject matter jurisdiction went directly to the merits of plaintiff's claim); *see also Doe v. Madison Sch. Dist., No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999) ("If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and we lack jurisdiction to resolve the underlying

dispute.") (citations omitted).

## III. CONCLUSION

For the foregoing reasons, defendant is entitled to judgment in its favor.

**IT IS SO ORDERED.**

Dated: June 3, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4